UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PATRICIA SCOTT,

Plaintiff,

v.

LSC COMMUNICATIONS BOOK LLC,

Defendant.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-1381-SJB-AYS

**BULSARA, United States District Judge:**

Plaintiff Patricia Scott, proceeding pro se, commenced this breach of contract action against Dover Publications, Inc. ("Dover") on March 5, 2025. (Compl. dated Feb. 20, 2025, Dkt. No. 1 at ¶¶ 23–44). After Scott failed to serve Dover in 2025, she served Lakeside d/b/a LSC Communications Book LLC ("LSC"), which appeared and offered to "substitute Lakeside, the real party in interest, for Dover and [accepted] service on its behalf." (Def.'s Mot. to Withdraw as Attorney dated Apr. 27, 2026, Dkt. No. 26 at 2). On April 30, Scott filed an Amended Complaint naming LSC as the sole Defendant. (Am. Compl. dated Apr. 30, 2026, Dkt. No. 32 at 1). Scott claims that LSC breached the terms of the Confidential Settlement Agreement ("CSA")[1] that was reached in her prior case (the "2018 action")[2] brought in this Court under federal copyright law. (*Id.* ¶¶ 18–20; *see* Order Dismissing Case dated Oct. 10, 2019, Dkt. 18-CV-3436 No. 44 at 1). LSC filed a letter requesting a premotion conference for its anticipated motion to dismiss,

---

[1] Confidential Settlement Agreement, attached to Am. Compl. as Ex. D, Dkt. No. 32 at 53–58).

[2] Dkt. No. 18-CV-3436.

(*see* Def.'s Mot. for Premotion Conference dated May 8, 2026, Dkt. No. 38), but for the reasons explained below, the Court finds such conference unnecessary. Because the Court lacks subject matter jurisdiction, the Complaint is dismissed.[3]

## I. Diversity Jurisdiction Is Lacking

"Two requirements must be met for diversity jurisdiction: (1) the amount in controversy in the case must exceed $ 75,000 and (2) the case must be between 'citizens of different States' or 'citizens of a State and citizens or subjects of a foreign state,' such that there is complete diversity of citizenship between every plaintiff and every defendant." *Windward Bora LLC v. Browne*, 110 F.4th 120, 125–26 (2d Cir. 2024) (quoting 28 U.S.C. § 1332(a)(1) & (2)). For a natural person, citizenship turns on domicile, which is determined by "residence in a state and an intent to remain there." *Id.* at 124 n.5; *Palazzo ex rel. Delmage* v. *Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." (quotation omitted)). And "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)). The presence of foreign citizens—referred to as aliens in jurisdiction parlance—on both sides of the litigation means that the parties are not diverse. *See Universal Licensing*

---

[3] The Court alerted the parties of the potential subject matter defect on August 27, 2026, and gave the parties an opportunity to respond, which they did. (*See* Dkt. Nos. 47, 50, 52–62, 64–76).

*Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("[T]he fact that alien parties were present on both sides would destroy complete diversity.").

Several of LSC's members are aliens: citizens of, among other places, the United Kingdom, Canada, Luxembourg, and Switzerland. (*See* Def.'s Second Revised Rule 7.1 Statement filed Sep. 21, 2026, attached to Decl. of Joelle A. Molov as Ex. A, Dkt. No. 67-1 at 2–4) (page numbers refer to Electronic Case Filing pagination). And Scott herself is a citizen of the United Kingdom: she resides there (*see* Am. Compl. ¶ 1), it has been her domicile since at least 2021 (*see* Certificate of Registration, attached to Am. Compl. as Ex. B, Dkt. No. 32 at 30) ("Domiciled in: United Kingdom"), and she provides nothing to suggest she does not intend to remain. Therefore, the presence of foreign citizens on both sides of this case means diversity jurisdiction does not exist. *See, e.g.*, *Mazaya Trading Co. v. Li & Fung Ltd.*, 833 F. App'x 841, 843 (2d Cir. 2020) (finding jurisdiction lacking where plaintiff was a citizen of Lebanon and defendant corporation was incorporated in Bermuda and had its principal place of business in Hong Kong).

## II. Federal Question and Ancillary Jurisdiction Are Lacking

Scott, alerted to the possible lack of diversity jurisdiction, contends that federal question jurisdiction exists because "[t]he contract implicit in the Confidential Settlement Agreement . . . arose directly from [her] earlier EDNY copyright

infringement action" commenced in this Court in 2018. (Pl.'s Letter dated Sep. 11, 2026, Dkt. No. 62 at 3). She is mistaken.

Although Scott's original EDNY lawsuit was here on the basis of a federal question—violation of her copyright—this subsequent lawsuit to enforce the CSA resolving the earlier litigation does not raise a federal issue. "[Q]uarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). "[A] district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case. Instead, a motion to enforce a settlement agreement is fundamentally a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit, and therefore requires its own basis for jurisdiction." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citations and quotations omitted); *see, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

"In some circumstances, that [jurisdictional] basis may be found in the doctrine of ancillary jurisdiction, which allows a district court to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson*, 791 F.3d at 358 (quoting *Kokkonen*, 511 U.S. at 379–80). For

ancillary jurisdiction to exist, "[a] district court must 'either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order' dismissing the case." *Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship*, No. 21-2961, 2023 WL 7147344, at *1 (2d Cir. Oct. 31, 2023) (quoting *Hendrickson*, 791 F.3d at 358); *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 306 (2d Cir. 2014) ("The order of dismissal unambiguously omits to retain jurisdiction or to incorporate the terms of the settlement."); *Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 151 (2d Cir. 2009) ("[F]ederal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 n.7 (2001))). Neither took place here.

The CSA concluding the 2018 action is not so-ordered, (*see* CSA at 58) (revealing the final page contains only counsels' signatures), nor are its terms incorporated into the order dismissing the case, (*see* Order Dismissing Case dated Oct. 10, 2019 at 1) ("The Stipulation is approved. The entire action, including all claims against all parties is hereby dismissed with prejudice. Case closed."). There was no "judicial imprimatur" on the settlement indicating it was seeking to retain jurisdiction to enforce. *See, e.g.*, *Crispin v. Rodriguez*, No. 21-0883, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) ("The District Court's order dismissing the case neither expressly retained jurisdiction over the out-of-court settlement agreement nor incorporated the terms of the agreement. Therefore, the District Court correctly determined that it lacked jurisdiction to enforce the settlement agreement.").

And the CSA provision[4] identifying EDNY as one of several—including state and federal courts—venues that would have exclusive jurisdiction to hear disputes is nothing more than a forum-selection clause. It is not a provision (or a court order) retaining exclusive jurisdiction to enforce the agreement in the event of a breach. Said differently, this provision merely indicates where an action to enforce could be brought and where it cannot be brought; it does not dictate that this court was itself retaining jurisdiction to enforce the agreement. *Cf. Naskaris v. Seiden*, No. 26-CV-5157, 2026 WL 2268182, at *3 (S.D.N.Y. Aug. 5, 2026) ("The contract . . . includes a . . . forum selection clause for state or federal court in the City of New York. Although Scott asserts that the Court has jurisdiction pursuant to the terms of the contract, it is beyond dispute that consent of a party is . . . wholly insufficient to create subject-matter jurisdiction in federal court. Instead, there must be an independent basis for federal jurisdiction." (quotations and citations omitted)). But in any event, whatever the meaning of the CSA provision, it was not part of the Court's dismissal order, and therefore cannot be the basis for the Court to exercise jurisdiction to enforce. *E.g.*, *Barker v. Hostetter*, 773 F. App'x 664, 665 (3d Cir. 2019) ("The plaintiffs appealed the District Court's decision to dismiss the case without retaining jurisdiction. . . . If a district court elects to retain jurisdiction over a settlement agreement after a case is dismissed, it must indicate that choice in its dismissal order. The court is under no obligation to retain

[4] The CSA states: "The United States District Court for the Eastern District of New York (or for the Southern District of New York), or the state courts in New York City and County, State of New York, will have exclusive jurisdiction to hear and determine any dispute or controversy arising under or relating to this Agreement[.]" (CSA ¶ 8(f)).

jurisdiction, and the parties' agreement that the court do so is not determinative." (quotation omitted)).

Thus, no ancillary jurisdiction exists. And because this alleged breach does not "arise under" the Copyright Act itself,[5] there is no federal question jurisdiction.

## CONCLUSION

For the reasons explained above, the Court finds subject matter jurisdiction lacking over this action. The claims in the Complaint are dismissed without prejudice. The Clerk is directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: October 29, 2026
Central Islip, New York

[5] "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g. a suit for infringement . . . or asserts a claim requiring construction of the Act[.]" *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964); *see, e.g.*, *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) (finding no 'arising under' jurisdiction to declare copyright ownership because no copyright material was used, threatened, or distributed and "relevant statutes create no explicit right of action" (quoting *T.B. Harms Co.*, 339 F.2d at 827)).